**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRISTAN DESHUN SIMIENS,**[1] | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-14-CA-368-SS** |
| | § | |
| **WILLIAM STEPHENS** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 7). Petitioner did not file a reply thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

<u>DISCUSSION</u>

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas. Petitioner was convicted of the third degree felony of bail jumping, and on April 19, 2012, was sentenced to four years' imprisonment. Petitioner does not challenge his holding conviction. Rather, he challenges the

---

[1] The Court notes Petitioner's name in his criminal case is "Simien."

failure of the Board of Pardons and Paroles to release him on mandatory supervision.  According to

Respondent, on December 30, 2013, the Board reviewed and denied Petitioner release on

discretionary mandatory supervision.  Although Petitioner challenged the Board's denial in a Time

Dispute Resolution form, he has not filed a state application for habeas corpus relief challenging the

denial of his release.

<u>ANALYSIS</u>

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the

exhaustion of all claims in state court prior to requesting federal collateral relief.  <u>Sterling v. Scott</u>,

57 F.3d 451, 453 (5th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1050 (1996).  Section 2254(b) provides:

> (1)     An application for a writ of habeas corpus on behalf of a person in
>         custody pursuant to the judgment of a State court shall not be granted
>         unless it appears that:
>
>     (A)     the applicant has exhausted the remedies available in the
>             courts of the State; or
>
>     (B)     (i) there is an absence of available State corrective process; or
>
>             (ii) circumstances exist that render such process ineffective to
>             protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give

state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's

conviction.  <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971).  The purpose and policy underlying the

exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of

federal law and prevent disruption of state criminal proceedings.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518

(1982)(citing <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

<u>RECOMMENDATION</u>

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

4

OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of August, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE