IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 NOV -7 PM 4:03
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

TRISTAN DeSHUN SIMIENS,[1]
        Petitioner,

-vs-                                            Case No. A-14-CA-368-SS

WILLIAM STEPHENS,
        Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Tristan DeShun Simiens's Petition for Writ of Habeas Corpus [#1] and the Report and Recommendation of the Magistrate Judge [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Simiens is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

---

[1] Petitioner's state criminal documents spell his last name "Simien." *See* State Court Records [#6-1], Ex. 1 (Offender Information Details).

## Background

Stephens avers he has lawful custody of Simiens pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas. Simiens was convicted of bail jumping, a third-degree felony, and on April 19, 2012, was sentenced to four years' imprisonment. Simiens, however, is not challenging his holding conviction. Rather, he is challenging the refusal of the Board of Pardons and Paroles to release him on discretionary mandatory supervision.

The Board reviewed Simiens's case and declined to release him on discretionary mandatory supervision on December 30, 2013. Simiens challenged the Board's denial through a Time Dispute Resolution form; however, he has not filed a state application for habeas corpus relief concerning this claim.

## Analysis

As the Magistrate Judge's report explains in more detail, a fundamental prerequisite to federal habeas relief under § 2254 is the prior exhaustion of all remedies in state court. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). In Texas, this "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A petition under § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). As Simiens has not yet filed a state habeas petition challenging the Board's refusal to release him on discretionary mandatory supervision, his federal habeas application must be dismissed as unexhausted.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Simiens's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

    IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#8] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Tristan DeShun Simiens's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 7th day of November 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE